IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MELISSA EDMONDS**, | ) CIVIL ACTION NO. **23-1953** |
| Plaintiff, | ) |
| v. | ) |
| **FELIESHA KNIGHT**, Corrections Officer, | ) |
| Defendant. | ) |

### **MEMORANDUM OPINION**

This case was referred to a United States magistrate judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rules of Court 72.C and 72.D. On December 9, 2024, the magistrate judge issued a Report and Recommendation ("R&R") (ECF No. 36), which recommended that this case be dismissed for failure to prosecute and the pending motion to dismiss filed by defendant (ECF No. 22) be denied as moot.

The R&R sets forth the applicable procedural history. Pro se plaintiff, Melissa Edmonds ("Edmonds"), was confined at the Allegheny County Jail ("ACJ"). The original complaint in this case was received by the court on November 13, 2023. Edmonds did not include the filing fee or a motion to proceed in forma pauperis ("IFP").

The magistrate judge issued a deficiency order directing Edmonds to either remit the filing fee or apply for IFP status. When Edmonds failed to do so, the court entered an Order on January 31, 2024, for Edmonds to show cause why this case should not be dismissed for failure to prosecute. Edwards responded, cured the deficiency and the complaint was served.

Defendant filed a motion to dismiss. Edmonds was ordered to respond to the motion by

1

October 9, 2024. Edmonds failed to do so. The court entered a Second Order to Show Cause on October 30, 2024 (ECF No. 30). In the Second Order to Show Cause, Edmonds was warned that a failure to respond by November 29, 2024, would result in dismissal of the case for failure to prosecute. To date, Edmonds has not responded.

On December 9, 2024, the magistrate judge issued the R&R under review. The R&R explained that Edmonds never complied with the second Show Cause Order. The R&R determined, after considering the *Poulis* factors, that the complaint in this case should be dismissed due to Edmonds' failure to prosecute.

The magistrate judge directed that any objections by non-CM/ECF users be filed by December 26, 2024, and the R&R stated that failure to timely file objections would waive the right to appeal. The docket reflects that the R&R was mailed to Edmonds at the address she provided. No party filed objections. The docket reflects that the mailing to Edmonds was returned as "refused." On January 8, 2025, the clerk of court received a payment of $25.38 in partial payment of the filing fee (ECF No. 37). The R&R is ripe for review.

Standard of Review

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C). Rule 72(b)(3) requires de novo review of any recommendation that is dispositive of a claim or defense of a party to which proper objections were made. *See Fraunhofer-Gesellschaft Zur Forderung Der*

2

*Angewandten Forschung E.V. v. Sirius XM Radio Inc.*, No. 1:17CV184, 2021 WL 1147010, at *1 (D. Del. Mar. 25, 2021).

Even if no objections are filed, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see McClain v. Pennsylvania Dept. of Corr.*, No. 1:19-CV-1951, 2020 WL 1690081, at *1 (M.D. Pa. Apr. 7, 2020); *Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (explaining that judges should review dispositive legal issues raised by the R&R for clear error).

Discussion

Following an independent review of the record, the court is satisfied that the R&R contains no clear error and will accept the recommendation of the magistrate judge that the complaint be dismissed for failure to prosecute; defendant's motion to dismiss be denied as moot; and this case be closed. The court agrees with the magistrate judge that Edmonds did not diligently pursue this case and failed to comply with the court's orders. Her partial payment of the filing fee (well beyond the deadline) does not excuse or cure Edmonds' failure to comply with the court's order to respond to the motion to dismiss.

Conclusion

For the reasons set forth above, the complaint will be dismissed, the motion to dismiss (ECF No. 22) will be denied as moot, and Civil Action No. 23-1953 will be marked closed. The court will adopt the R&R (ECF No. 36) as the opinion of the court, as supplemented herein.

3

An appropriate order follows.

Dated: January 22, 2025                                    BY THE COURT

*/s/ Joy Flowers Conti*
JOY FLOWERS CONTI
SENIOR UNITED STATES DISTRICT JUDGE